## BROADNAX v. SIMS' EX'R.

1. The testator bequeathed by his will to his children who were married, or had attained their majority, property estimated at $1,190; the same amount to his younger children "in negro property," when they became of age; and to his younger daughters the same amount, in the same description of property, when they became eighteen years of age, or married. After which the following clause was added: "It is my will, that all the property that is not willed to my children, viz: negroes, lands, stock of all kinds, farming utensils, household and kitchen furniture, or all of my remaining effects that is now in my possession, I give unto my wife, E. S. during her natural life, or widowhood, and at her death or intermarriage, then all the property willed to her, to be sold, and equally divided amongst my above named children. E. S. intermarried with T. G., and eighteen months from the grant of letters testamentary having expired, the husband of one the testator's daughters, presented his petition to the Orphans' Court, praying that a rule be made upon the executor, requiring him to sell and distribute that portion of the testator's estate, which was bequeathed to E. S. during her life or widowhood: *Held*, that the estate in the hands of the executor above what was necessary to provide for the legacies was subject to distribution, if the demands of the creditors have been satisfied, or after retaining enough for the payment of debts; the terms of the decree should be such as will most certainly effectuate the intentions of the testator, and give to the children equal portions.

Writ of Error to the Orphans' Court of Autauga.

THE plaintiff in error presented his petition to the Orphans' Court, setting forth that he was the husband of Sarah, one of the daughters of the defendant's testator, and was entitled, in right of his wife, to an undistributed share of the decedent's estate. In the petition, the will is set out *in extenso,* from which it appears that the testator bequeathed to his children who were married, or had attained their majority, property estimated at eleven hundred and ninety dollars. He also gave to his younger sons, when they became of age, " eleven hundred and ninety dollars in negro property;" and to his daughters who were still in their minority, when they became eighteen years of age, or married, property of the same description, and of the same value. The thirteenth clause is as follows: " It is my will that all the property that is

63

not willed to my children, viz: negroes, lands, stock of all kinds, farming utensils, household and kitchen furniture, or all of my remaining effects that is now in my possession, I give unto my wife Elizabeth Sims during her natural life, or widowhood, and at her death or intermarriage, then all the property willed to her, to be sold, and equally divided amongst my above named children."

It was shown that Mrs. Sims had intermarried with Theophilus Goodwin, that eighteen months from the grant of letters tesmentary had expired previous to the exhibition of the plaintiff's petition, and that the will had been duly proved, &c. in the Orphans' Court of Autauga. The prayer of the petition is, that a rule be made upon the executor, requiring him to sell and distribute that portion of the testator's estate, which was bequeathed to Mrs. Sims, during her life, or widowhood.

The executor admits the facts set out in the petition, affirms that some of the sons of the testator provided for by the will are under twenty-one years of age, and some of the daughters are under eighteen and unmarried. It is therefore insisted that neither the petitioner in right of his wife, or other heirs or distributees, have a right to demand the sale and distribution of the property, which their mother received under the will, until the younger sons and daughters attain the ages when they respectively become entitled to their legacies. That the petitioner has received the legacy given to his wife *eo nomine*, estimated at eleven hundred and ninety dollars, and cannot at this time claim more.

The petitioner demurred to the answer of the executor; his demurrer was overruled, and judgment rendered against the application for a sale and distribution, and that the petitioner pay costs.

J. W. Pryor, for the plaintiff in error, cited Clay's Digest, 196, § 23.

I. E. Hayne, for the defendant, insisted that the legacies did not vest in the infant legatees in the will, until the times appointed for their payment respectively. The portion of the estate then, which vested in the widow, and to which, upon her death or marriage, her children became entitled, cannot be ascertained before these events have transpired; and consequently it cannot be

known sooner what has vested in the executor by Mrs. Sims' marriage, which may be distributed *generally.*

COLLIER, C. J.—The executor does not place his objection to the distribution of the property in respect to which the action of the Orphans' Court is asked, upon the ground that it is not in his possession, or that Mrs. Sims sets up an adverse claim. We then infer that Mrs. Sims has married, and that the contingency has occurred, which is provided for by the thirteenth clause of the will.

In Marr's Exr'x v. McCullough, 6 Porter's Rep. 507, it is stated as a general rule, that a legacy will be vested, if the testator annexed *time* to the *payment only;* but if to the gift, then it will be contingent. But it cannot be inferred merely from the use of a particular word, what the testator's meaning was, if from other parts of the will, or the entire instrument, it appears that such a construction would do violence to his intentions.

The testator, it will be observed, made no provision for the maintenance of his younger children, and must doubtless have intended that they should have been supported by the proceeds of some portion of his estate. It might be supposed if their legacies did not vest until the periods prescribed for their payment, that the estate, real and personal, devised and bequeathed to their mother, should be charged with that burden, and that in the mean time she should retain what was intended to make good their legacies. But there is no necessity for resorting to such far-fetched conjectures upon this point; for the thirteenth clause itself would seem to indicate that it was not intended that the portions of the younger children should vest in their mother. All the legacies specifically bequeathed are expressly excepted from such a destination. It cannot be inferred that they were to remain with the executor for a period longer than the law had appointed, or was necessary to enable him to execute the provisions of the will, so far as they devolved on him. Under all these circumstances, we are strongly inclined to think the legacies to the minor children of the testator vested before they are payable. But if the law were otherwise, the estate in the executor's hands above what was necessary to provide for these legacies, is subject to distribution, if the demands of creditors have been satisfied, or after retaining enough for the payment of debts.

We need not point out what should be the form of the decree to be rendered in the present case. This must depend upon the terms of the will. But we may remark, that eleven hundred and ninety dollars should, beyond all contingency, be so secured, that the sum may be invested for each of the younger children, when they become entitled to the possession of it. In addition to that, *each of the children designated in the will,* are entitled to take share and place alike of the property which may revert to the estate by their mother's marriage.

The decree of the Orphans' Court is reversed, and the cause remanded.