CASLY, ET UX. V. GILDER, Ex'x.

1. A legacy payable when the legatee becomes of age, if it can then be paid without a sale of the property, and if not, then to be postponed until the youngest child comes of age, cannot be coerced from the executrix, without establishing, that the legacy may be paid, without a sale of the property of the estate.

Writ of Error to the Orphans' Court of Chambers.

THE plaintiffs in error, filed their petition in the orphan's court of Chambers county, setting forth that the testator, by will bearing date the 4th of June, 1838, thereby gave and bequeathed Mary A. M., now the wife of Warrenton Casly, $600, to be paid to her in cash when she should become of age. That he appointed his wife, and one William Casly, executors thereof. That the bill was duly protested, and letters testamony granted to the executors, but that William Casly had resigned, and that Frances Gilder, the widow, is now acting as the sole executrix. That the petitioners have intermarried since the probate of said will, and that the legatee, Mary A. M., is now of full age. They aver, that the estate of said testator is solvent, and that more than eighteen months have elapsed since the grant of letters testamentary, and that the legacy bequeathed to the wife of the petitioner, remains unpaid, and concludes with a prayer, that the executrix, Frances, pay said legacy. The executrix appeared and pleaded to the petition, why she should not now pay said le-

gacy, that by the terms of said will, said legacy should be paid when the said legatee became of full age, provided it could be done without a sale of the estate of the testator, and averred that it could not be done without such sale. And further, that by another and later item of said will, the defendant, as executrix, was to control and use the estate of the testator, consisting of the land and negroes, to the best advantage, for the purpose of educating and raising the children of the testator, until the youngest became of age. That the youngest child is still a minor, and that the land and negroes named in this item, embrace the whole of the estate of the testator at the time of his death. To these pleas the petitioner demurred, and judgment was rendered overruling the demurrer. The petitioners did not reply, and the petition was dismissed. The overruling the demurrer is assigned for error.

ALLISON & GOODMAN, for the plaintiffs in error.

BAUGH, contra.

DARGAN, J.—The question seems to be settled, by the decisions of this court, that the orphans' court, upon the petition or application of a legatee, can award payment of a legacy to be made by an executor, although the estate be not in a condition to admit of a final settlement, if according to the terms of the will, the legacy be then payable. 8 Ala. Rep. 497. Relying on the authority of this case, I waive the consideration of the question, whether the orphans' court has jurisdiction to take cognizance of a petition for the payment of a legacy merely, and to render judgment thereon, in favor of the legatee, leaving the estate in the hands of the executor unsettled.

The petition is for the payment of a legacy, and being filed, a rule was made on the executrix, to appear before the orphans' court, and show cause why she should not pay over the legacy to the petitioners bequeathed by the last will of the testator. The executrix appeared, and pleaded to the petition, that the legacy was to be paid to Mary A. M. Gilder, now the wife of the petitioner Casly, when she became of age, provided it could be done then without a sale of the pro-

perty, which consisted of land and negroes only; and that by a later clause in said will, the defendant, as executrix, was to use and manage the property, to the best advantage, for the purpose of educating and raising the younger children of the testator, until the youngest child became of age ; and then averred, that the youngest child was still a minor. To this plea the petitioners demurred.

The plea to the petition is, in substance, that the legacy is not now payable, because it was not to be paid to the wife of the petitioner when she became of age at all events, but only if it could be done without a sale of the property; and if it could not be done without a sale of the property, then the payment of the legacy should be postponed until the youngest child became of age.

If this is the construction of the will, then it will be necessary for the petitioners to show, that the executrix could pay the legacy without selling the property. But whether this is the proper construction of the entire will, we have no means of determining, as the will is not set out in full. The demurrer admits the truth of the allegations of the plea, and the plea within itself shows a sufficient cause why the executrix should not now pay the legacy.

The judgment of the orphans' court overruling the demurrer, and dismissing the petition, as the petitioners declined to plead over, is not erroneous, and therefore is affirmed.